UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IONA WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01605-SEB-MJD |
| | ) |
| JOHN PHELAN, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS**

This case is before the Court on Defendants' Motion to Dismiss Individual Defendants [Dkt. 34], filed on May 5, 2025, pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Count III of the Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiff Iona West has framed her Count III as a claim based on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971),[1] targeting individual Defendants Dennis Jones, Rachael Wisemen, Andrew Hyden, James Ross, and Carlos Del Toro (collectively, the "Individual Defendants") whom she sues in their

---

[1] A *Bivens* claim is the judicially cognizable federal analog to suits brought against state officials under 42 U.S.C. § 1983, which itself reads, "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

1

individual capacities,[2] alleging that each retaliated against her because of her outspokenness regarding matters of public concern, in violation of her First Amendment rights. Ms. West alleges that she was demoted from her government employment and her duties were re-assigned to less qualified individuals in response to her whistleblowing activity.[3]

For the reasons detailed below, the Court hereby GRANTS Defendants' Motion to Dismiss Count III, and thereby, each of the Individual Defendants.

## Factual Background

At all times relevant to this litigation, Ms. West was employed as an auditor and scientist for the Department of Navy at the Naval Surface Warfare Center ("NSWC") in Crane, Indiana. Am. Compl. ¶ 12. She alleges in her Amended Complaint that she was "subjected to repeated acts of discrimination" throughout her period of employment, *id.* ¶ 6, including an instance involving a tense and heated exchange between her and certain unnamed "aggressors," during which "a chair was kicked, and doors were slammed." *Id.* Ms. West reported the details of this specific incident along with her general grievances

---

[2] Among Ms. West's various supervisors named in the First Amended Complaint is Carlos Del Toro, who was then the United States Secretary of the Navy. Mr. Del Toro has been sued in both his official and individual capacities. Pursuant to Rule 25(d), the current Secretary, James Phelan, was automatically substituted for Mr. del Toro in his official capacity. This order addresses and dismisses only the claims alleged against Mr. Del Toro in his individual capacity.

[3] In her First Amended Complaint, Ms. West also alleged that she was discriminated against on account of her status as a member of a protected class in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I), and that the adverse actions she endured arose in response to her engagement in a protected activity in violation of both Title VII and the Age Discrimination and Employment Act ("ADEA") (Count II). Both Counts I and II are brought against the Department of the Navy – NSWC Crane, not the Individual Defendants, and thus are not subjects of the instant motion to dismiss.

2

concerning her work environment, both internally to her supervisors and to her agency's Equal Employment Opportunity ("EEO") office, which complaints she describes as being made in both her professional capacity and as a "private citizen." *Id.* ¶¶ 6–7, 9, 12, 18, 20.

Ms. West alleges that, in addition to her EEO actions, she also filed a whistleblower complaint with the Office of Special Counsel (OSC) following an audit she had performed of the division in which the Individual Defendants worked. Specifically, Ms. West alleges that, following completion of the audit, she reported to the OSC findings of "government waste and employee mistreatment," (*id.* ¶ 8), as well as "discriminatory practices, mismanagement, nepotism, and other violations of law within the Agency." *Id.* ¶ 18. According to Ms. West, the Individual Defendants became "irate" in response to her findings, prompting Defendant Andrew Hyden to "[say] out loud in an angry tone that he was very upset with the person who reported [] him." *Id.* ¶ 7.

Prior to filing this whistleblower complaint, Ms. West had been employed as an auditor with the Navy for "over a year," acting under the apparent impression that hers was a permanent role, based upon written confirmation to that effect. *Id.* ¶ 7. Ms. West claims that after the Individual Defendants learned of her complaints, they retaliated against her, in violation of her First Amendment rights, (*id.* ¶ 13), resulting in her removal from her position and replacement by other employees whom she believes were less qualified than she, because, unlike her, they were not certified auditors. *Id.* ¶ 7. Additionally, Ms. West alleges that she was removed from performing certain specific duties, forced to take a pay cut, received prejudicial performance reviews, forwent job

3

advancement opportunities, and suffered reputational harm. *Id.* ¶ 16. Furthermore, Ms. West alleges that Navy leadership failed to act, and instead praised and even promoted the very individuals who were the subjects of Ms. West's grievances. *Id.* ¶¶ 6, 15.

To vindicate her rights, Ms. West filed this lawsuit alleging Title VII and ADEA claims against the Secretary of the Navy, in his official capacity, and a First Amendment *Bivens* claim against the Individual Defendants. *See id.* ¶¶ 19–28.  Currently before the Court is the Individual Defendants' motion to dismiss the *Bivens* claim, (Count III), which motion is fully briefed and ripe for ruling.

## Legal Analysis

### I.   Applicable Legal Standard

When considering whether a plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009).  Nevertheless, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see* Fed. R. Civ. P. 8(a)(2).  While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for [being an] imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), the claim asserted must still be based on a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

4

1990). If the factual allegations of the complaint, taken as true, do not support a legally cognizable claim for relief, the Court will grant dismissal. *See id.*

## II. Discussion

Plaintiff has asserted a *Bivens* claim against the Individual Defendants. *Bivens* creates a narrow cause of action whereby federal actors may be sued in their individual capacities for alleged civil rights violations. A *Bivens* claim is generally thought of as the federal analog to suits brought against state officials under 42 U.S.C. § 1983.[4] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[5] Ms. West sets forth her claim against the Individual Defendants, each of whom is a federal employee being sued in their respective individual capacities.

The Supreme Court has stated that "the factors necessary to establish a *Bivens* violation will vary with the constitutional provision at issue." *Ashcroft v. Iqbal*, 556 U.S 662, 676 (2009). From the outset, Ms. West faces an uphill battle in bringing these claims because the Supreme Court has "never held that *Bivens* extends to First Amendment claims," *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012), and in fact it has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (quoting *Ashcroft*, 556 U.S at 662.) Indeed, only twice outside of the Fourth Amendment claim addressed in *Bivens* itself has the Supreme

---

[4] *See supra* note 2.
[5] In *Bivens*, the Supreme Court held that agents of the Federal Bureau of Narcotics unlawfully entered the petitioner's apartment without a warrant, searched the premises, and arrested him on narcotics charges, in violation of his Fourth Amendment rights. The Court awarded money damages after concluding that the case "involves no special factors counseling hesitation in the absence of affirmative action by Congress." *Bivens*, 403 U.S. at 397.

Court ever recognized an implied damages remedy for constitutional claims against a federal official: once, under the Fifth Amendment's due process clause in *Davis v. Passman*, 442 U.S. 228 (1979), (a sex discrimination suit against a sitting congressman by his female deputy administrative assistant), and another time, under the Eighth Amendment's cruel and unusual punishment clause in *Carlson v. Green*, 446 U.S. 14 (1980) (a suit brought by the estate of a deceased prisoner, alleging that the failure of prison officials to give him proper medical attention caused his death). *Ziglar*, 582 U.S. at 131.

Although the dearth of First Amendment *Bivens* precedent does not entirely foreclose the possibility that a *Bivens* remedy can ever be applied in such context, Ms. West's complaint fails to set forth a legally cognizable argument that it should be applied here. As the Supreme Court set forth in *Bush v. Lucas*, courts should hesitate to expand *Bivens* into areas better equipped to be handled by Congress. *Bush v. Lucas*, 462 U.S. 367, 386–388 (1983). Among these areas are matters involving the redressability of federal personnel policy governing employment relationships. *Id.* at 389–390. In *Bush*, the Plaintiff challenged his demotion at the hands of his supervisor as a violation of his First Amendment rights and sought an implied remedy under *Bivens*. The Supreme Court declined to usurp an already existing comprehensive legislative scheme, the Civil Service Reform Act, by declining "'to create a new substantive legal liability without legislative aid and as at the common law' because we are convinced that Congress is in a better position to decide whether or not the public interest would be served by creating it." *Bush*, 462 U.S. at 390 (quoting *U.S. v. Standard Oil Co. of Cal.*, 332 U.S. 301, 302

6

(1947)). Such prudential considerations, guided by fundamental separation-of-powers principles, apply equally here, because "[c]ongress has fashioned such a detailed and comprehensive administrative process for federal workers to lodge complaints," such that a "separate constitutional cause of action" would be unnecessarily duplicative. *Massey v. Helman*, 196 F.3d 727, 737 (7th Cir. 1999).

Thus, because under Supreme Court precedent *Bivens* does not apply to First Amendment retaliation claims, Ms. West's First Amendment claim against the Individual Defendants cannot survive and must be dismissed.

### III. Conclusion

For the foregoing reasons, we GRANT the Defendants' Motion to Dismiss to Individual Defendants [Dkt. 34]. Count III of the Complaint is hereby dismissed in its entirety. The case shall proceed on the two surviving claims, to wit, Plaintiff's Title VII discrimination claim (Count I), and Title VII and ADEA retaliation claims (Count II) against the Secretary of Navy in his official capacity. **The Clerk is directed to terminate Individual Defendants Dennis Jones, Rachael Wiseman, Andrew Hyden, and James Ross on the docket.**

IT IS SO ORDERED.

Date: 2/26/2026

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

IONA WEST
P.O. Box 6801
Bloomington, IN 47407

Adriana Figueroa
DOJ-USAO
adriana.figueroa@usdoj.gov